Nicole C. Hancock, ISB No. 6899
*nicole.hancock@stoel.com*
Tamara L. Boeck, ISB No. 8358
*tami.boeck@stoel.com*
Jennifer S. Palmer, ISB No. 11136
*jenny.palmer@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Defendant/Counterclaimant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SELKEY BUHL, LLC, a Wisconsin limited liability company,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>SENECA FOODS CORPORATION, a New York corporation,<br><br>    Defendant/Counterclaimant. | Case No. 1:20-cv-00247-SRB<br><br>**MEMORANDUM IN SUPPORT OF SENECA FOOD CORPORATION'S MOTION IN LIMINE** |

Defendant/Counterclaimant Seneca Foods Corporation ("Seneca") submits the following memorandum in support of its motion in limine to exclude the term "lease" and any argument that Idaho Power Company's Rule M tariff constituted a "lease," "lease-like arrangement" or similar terminology.

### I.   INTRODUCTION

Throughout this litigation, Plaintiff/Counterdefendant Selkey Buhl, LLC ("Selkey Buhl") has insisted that the Rule M tariff on the subject property is actually a "lease" agreement that

Seneca failed to disclose to Selkey Buhl. In reality, the Rule M arrangement is a regulatory tariff—a public document—that any reasonable buyer would have discovered in the due diligence process, particularly when Seneca expressly disclosed the facilities charges to Selkey Buhl and instructed Selkey Buhl to contact Idaho Power Company to find out more information.

Seneca has explained in various motions why Rule M tariff cannot possibly constitute a lease, as a matter of common sense and as a matter of law. Now that the parties are heading to jury trial, Selkey Buhl's incorrect assertion should be addressed now as a matter of law before Selkey Buhl can substantially mislead and confuse the jury and unfairly prejudice Seneca. The Rule M tariff is not a lease under Idaho's statute of frauds and such terminology, evidence, and argument must be excluded pursuant to Federal Rule of Evidence 403.

## II.   ARGUMENT

"Motions in limine are recognized as tools to prevent irrelevant, inadmissible, or prejudicial matters from being heard by the jury and are generally filed prior to trial . . . ." *O'Banion v. Select Portfolio Servs., Inc.*, No. 1:09-CV-00249-EJL, 2012 WL 4793442, at *5 (D. Idaho Aug. 22, 2012), *report and recommendation adopted*, No. 1:09-CV-00249-EJL, 2012 WL 4793079 (D. Idaho Oct. 9, 2012). "An in limine order precluding the admission of evidence or testimony is an evidentiary ruling," subject to the district court's discretion. *United States v. Komisaruk*, 885 F.2d 490, 492 (9th Cir. 1989).

1. **There is no lease as a matter of law under Idaho's statute of frauds because there is no written agreement between Seneca and Idaho Power Company regarding the Rule M arrangement.**

The term "lease" is not appropriate to use in front of the jury because there is no lease as a matter of law pursuant to Idaho's statute of frauds, which requires lease agreements to be in writing unless they do not exceed one year. Idaho Code § 9-503 states: "No estate or interest in real property, ***other than for leases for a term not exceeding one (1) year***, nor any trust or power over

or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing." (emphasis added); *see also* Idaho Code § 9-505(4) (prohibiting evidence of an agreement without writing for leases lasting longer than one year).

Selkey Buhl contends that the Rule M arrangement with Idaho Power is a "lease." *See, e.g.*, ECF No. 20 (Amended Complaint) ¶¶ 16, 28, 30-32, 37, 40, 43-44, 46, 49-51. But the Idaho Power arrangement is not for a period of less than one year, and Seneca did not have a written Rule M agreement with Idaho Power. Selkey Buhl signed a Rule M agreement with Idaho Power post-sale, but Seneca never did.[1] Thus, evidence and argument that the Rule M arrangement is a "lease" is prohibited under the Statute of Frauds as a matter of law. *See, e.g.*, *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1370 (9th Cir. 1987) ("When the material facts are not in dispute, the question of whether a contract is within the statute of frauds is a question of law."). Because Under Idaho Code §§ 9-503 and 9-505(4), any evidence of the purported "lease" is therefore inadmissible.

2. **Because evidence of a purported "lease" must be excluded under the statute of frauds, it would be unfairly prejudicial for Selkey Buhl to use the term "lease".**

Because evidence of a purported lease must be excluded as a matter of law, Selkey Buhl should not be permitted to argue that the Rule M arrangement is a lease or otherwise use the term

---

[1] Seneca did not ever sign a Rule M agreement with Idaho Power and for that reason, evidence that the Rule M agreement is a lease is irrelevant and it would be unduly confusing to a jury to hear evidence that the Rule M agreement is a lease. Selkey Buhl signed is the only party who signed a Rule M agreement. The only evidence of any agreement between Idaho Power and Seneca was a separate utility agreement that pertained to a different configuration of the property than what Selkey Buhl purchased and it was not a Rule M agreement. Therefore, any evidence about the Rule M agreement is only pertinent to after Selkey Buhl purchased the property and is not only irrelevant, but confusing under Federal Rule of Evidence 403(b) should be excluded as unfairly prejudicial.

MEMORANDUM IN SUPPORT OF SENECA FOOD CORPORATION'S MOTION IN LIMINE - 3

"lease," "lease-like arrangement," or any similar terminology. Pursuant to Federal Rule of Evidence 403, "[t]he [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury . . ."

First, there is no probative value from calling the Rule M tariff—a regulatory tax—a "lease" nor is there any probative value to evidence that is inadmissible under the statute of frauds. And evidence and argument about the purported lease would substantially and unfairly prejudice Seneca, confuse the issues, and mislead the jury. This is all the more true since the supposed lease cannot possibly be a lease, where it was Seneca (the owner of the land) making a payment to Idaho Power Company (the supposed renter). Characterizing this relationship as a lease is backwards. It makes no common sense, and it would substantially confuse and mislead the jury. It would also unfairly prejudice Seneca because, as a matter of law, there is no lease and there cannot be a lease under the statute of frauds. Thus, the Rule 403 balancing test must come down in favor of excluding the highly prejudicial, confusing, and misleading terminology and argument.

### III.   CONCLUSION

Seneca respectfully requests that the Court exclude Selkey Buhl from arguing that the Rule M tariff is a lease or otherwise use the word "lease" or any similar terminology in its examinations or argument.

DATED: January 25, 2022.

STOEL RIVES LLP

 /s/ Nicole C. Hancock
Nicole C. Hancock
Tamara L. Boeck
Jennifer S. Palmer

Attorneys for Defendant/Counterclaimant

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I served a copy of the foregoing **MEMORANDUM IN SUPPORT OF SENECA FOOD CORPORATION'S MOTION IN LIMINE** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

David P. Claiborne – david@sawtoothlaw.com

Evan T. Roth – evan@sawtoothlaw.com

Katie L. Vandenberg – katiev@sawtoothlaw.com

*Attorney for Plaintiff*

    /s/ Nicole C. Hancock
Nicole C. Hancock
Tamara L. Boeck
Jennifer S. Palmer