Nicole C. Hancock, ISB No. 6899
*nicole.hancock@stoel.com*
Tamara L. Boeck, ISB No. 8358
*tami.boeck@stoel.com*
Jennifer S. Palmer, ISB No. 11136
*jenny.palmer@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Defendant/Counterclaimant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SELKEY BUHL, LLC, a Wisconsin limited liability company,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>SENECA FOODS CORPORATION, a New York corporation,<br><br>Defendant/Counterclaimant. | Case No. 1:20-cv-00247-SRB<br><br>**SENECA FOODS CORPORATION'S PROPOSED JURY INSTRUCTIONS** |

Defendant/Counterclaimant Seneca Foods Corporation ("Seneca"), by and through its undersigned counsel of record, hereby submits its Proposed Jury Instructions attached hereto. Seneca reserves the right to revise, withdraw or supplement these proposed jury instructions to conform to the evidence and argument presented at the time of trial.

DATED:  January 25, 2022.

STOEL RIVES LLP

/s/ Nicole C. Hancock
Nicole C. Hancock
Tamara L. Boeck
Jennifer S. Palmer

Attorneys for Defendant/Counterclaimant

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I served a copy of the foregoing **SENECA FOODS CORPORATION'S PROPOSED JURY INSTRUCTIONS** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

David P. Claiborne – david@sawtoothlaw.com

Evan T. Roth – evan@sawtoothlaw.com

Katie L. Vandenberg – katiev@sawtoothlaw.com

*Attorney for Plaintiff*

/s/ Nicole C. Hancock
Nicole C. Hancock
Tamara L. Boeck
Jennifer S. Palmer

SENECA FOODS CORPORATION'S PROPOSED JURY INSTRUCTIONS - 3

# Original Instructions

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[General]**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiff Selkey Buhl LLC against Defendant Seneca Foods Corporation.  It will be your duty to decide from the evidence what party is entitled to your verdict(s).

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are.

However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

GIVEN      _____
REFUSED    _____
MODIFIED   _____
COVERED    _____
OTHER      _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Definitions]**

This instruction will define terms I use in these instructions and that you have heard throughout this trial.

**Selkey Buhl:** The term "Selkey Buhl" means Plaintiff Selkey Buhl, LLC.

**Seneca:** The term "Seneca" means Defendant Seneca Foods Corporation.

**PSA**:  The term "PSA" means the Purchase & Sale Agreement between Seneca and Selkey Buhl dated August 3, 2018.

**Property**:   The term "Property" means the property that Selkey Buhl purchased from Seneca.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Claims and Defenses]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff asserts three claims against Defendant: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) fraud or intentional misrepresentation. Defendant denies these claims.  Plaintiff has the burden of proving these claims.

Defendant asserts two counterclaims against Plaintiff: (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing.  Plaintiff denies these claims.  Defendant has the burden of proof on these counterclaims.

GIVEN        _____
REFUSED _____
MODIFIED_____
COVERED _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Burden of Proof]**

Plaintiff's and Defendant's breach of contract and breach of implied covenant of good faith and fair dealing claims must be proven by the "greater weight of the evidence."

A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.

Plaintiff's fraud claim must be proven by "clear and convincing evidence."  Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain.  Clear and convincing evidence requires a higher degree of persuasion than the greater weight of the evidence.

You probably have heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than both the "greater weight of the evidence" standard and the "clear and convincing evidence standard."   The "proof beyond a reasonable doubt" standard applies in criminal cases, but not in this civil case; so put it out of your mind.

GIVEN        _____
REFUSED      _____
MODIFIED_____
COVERED _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Credibility of Witnesses]**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

GIVEN        _____
REFUSED      _____
MODIFIED     _____
COVERED      _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Statute of Frauds]**

No estate or interest in real property, other than for leases for a term not exceeding one (1) year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.

In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:  An agreement for the leasing, for a longer period than one (1) year, or for the sale, of real property, or of an interest therein, and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged.

GIVEN        _____
REFUSED     _____
MODIFIED    _____
COVERED     _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Plaintiff's Breach of Contract Claim]**

For Selkey Buhl's breach of contract claim, Selkey Buhl has the burden of proving each of the following propositions:

1.  A contract existed between Plaintiff and Defendant;

2.  The Defendant breached the contract;

3.  The Plaintiff has been damaged on account of the breach; and

4.  The amount of the damages.

If you find from your consideration of all the evidence that each of the propositions required of the Plaintiff has been proved, then you must consider the issue of the affirmative defenses raised by the Defendant, including waiver and caveat emptor.  If you find from your consideration of all the evidence that any of the propositions in this instruction has not been proved, your verdict should be for the Defendant.

GIVEN          _____
REFUSED       _____
MODIFIED _____
COVERED    _____
OTHER         _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim]**

For Selkey Buhl's breach of implied covenant of good faith and fair dealing claim, the implied covenant of good faith and fair dealing is a covenant implied by law in the parties' contract. You should not find a breach if the covenant that would be implied is contrary to the terms of the contract negotiated and executed by the parties. Selkey Buhl has the burden of proving that Seneca violated, nullified or significantly impaired any benefit of the parties' contracts.

GIVEN        _____
REFUSED    _____
MODIFIED  _____
COVERED   _____
OTHER       _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Plaintiff's Fraud or Intentional Misrepresentation Claim]**

For Selkey Buhl's fraud or intentional misrepresentation claim, Selkey Buhl has the burden of proving each of the following propositions by clear and convincing evidence:

1. That the Defendant stated a fact to the Plaintiff;
2. The statement was false;
3. The statement was material;
4. The Defendant either knew the statement was false or was unaware of whether the statement was true at the time the statement was made.
5. The Plaintiff did not know that the statement was false;
6. The Defendant intended for the Plaintiff to rely upon the statement and act upon it in a manner reasonably contemplated;
7. The Plaintiff did rely upon the truth of the statement;
8. The Plaintiff's reliance was reasonable under all the circumstances;
9. The Plaintiff suffered damages proximately caused by reliance on the false statement.
10. The nature and extent of the damages to the Plaintiff, and the amount thereof.

If you find from your consideration of all the evidence that the elements of fraud have been proved by clear and convincing evidence, then your verdict should be for the Plaintiff on this issue. If you find from your consideration of all the evidence that any of the foregoing propositions has not been proved by clear and convincing evidence, then your verdict should be for the Defendant.

GIVEN          _____
REFUSED      _____
MODIFIED    _____
COVERED     _____
OTHER         _____

113885565.3 0069269-00001

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Affirmative Defense – Waiver]**

Seneca has raised the affirmative defense of waiver.  A waiver is a voluntary, intentional relinquishment of a known right or advantage, and the party asserting the waiver must show that he acted in reasonable reliance upon it and that he thereby has altered his position to his detriment. Waiver is foremost a question of intent.  A clear intention to waive must be shown before waiver shall be established.  Waiver will not be inferred except from a clear and unequivocal act manifesting an intent to waive, or from conduct amounting to estoppel.  Waiver is a mixed question of law and fact. First, a court must find whether the facts alleged to constitute waiver are true. Second, the court must decide whether, if true, these facts suffice as a matter of law to show waiver.

GIVEN          _____
REFUSED       _____
MODIFIED _____
COVERED    _____
OTHER          _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Affirmative Defense – Caveat Emptor]**

Seneca has raised the affirmative defense of caveat emptor.  Idaho is a caveat emptor ("buyer beware") state, meaning a buyer must exercise its own judgment and conduct its own diligence when purchasing a property.  Under caveat emptor, whatever is notice enough to excite the attention of a man of ordinary prudence and prompt him to further inquiry, amounts to notice of all such facts as a reasonable investigation would disclose.

GIVEN _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Defendant's Breach of Contract Counterclaim]**

For Seneca's breach of contract counterclaim, Seneca has the burden of proving each of the following propositions:

1.  A contract existed between Plaintiff and Defendant;

2.  The Plaintiff breached the contract;

3. The Defendant has been damaged on account of the breach; and

4. The amount of the damages.

If you find from your consideration of all the evidence that each of the propositions required of the Defendant has been proved, then you must consider the issue of the affirmative defenses raised by the Plaintiff.  If you find from your consideration of all the evidence that any of the propositions in this instruction has not been proved, your verdict should be for the Plaintiff.

GIVEN       _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER       _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Defendant's Breach of Implied Covenant of Good Faith and Fair Dealing Counterclaim]**

For Seneca's breach of implied covenant of good faith and fair dealing claim, the implied covenant of good faith and fair dealing is a covenant implied by law in the parties' contract. You should not find a breach if the covenant that would be implied is contrary to the terms of the contract negotiated and executed by the parties.  Seneca has the burden of proving that Selkey Buhl violated, nullified or significantly impaired any benefit of the parties' contracts.

GIVEN       _____
REFUSED    _____
MODIFIED   _____
COVERED    _____
OTHER      _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Damages]**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on its claims or the Defendant on its counterclaims, you must determine the party's damages.  The party seeking damages has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the party seeking damages for any injury you find was caused by the other party.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

GIVEN       _____
REFUSED _____
MODIFIED_____
COVERED _____
OTHER       _____

Annotated Instructions

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[General]**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

[Describe your court's digital electronic device policy, such as "You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices] in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the [bailiff] [deputy clerk] [court security officer] for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete."]

This is a civil case brought by plaintiff Selkey Buhl LLC against Defendant Seneca Foods Corporation.  It will be your duty to decide from the evidence what party is entitled to your verdict(s).

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are.

However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

Model Civil Jury Instructions for the District of Courts of the Eighth Circuit, 1.03

GIVEN        _____
REFUSED      _____
MODIFIED _____
COVERED  _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Definitions]**

This instruction will define terms I use in these instructions and that you have heard throughout this trial.

**Selkey Buhl:** The term "Selkey Buhl" means Plaintiff Selkey Buhl, LLC.

**Seneca:** The term "Seneca" means Defendant Seneca Foods Corporation.

**PSA**:  The term "PSA" means the Purchase & Sale Agreement between Seneca and Selkey Buhl dated August 3, 2018.

**Property**:  The term "Property" means the property that Selkey Buhl purchased from Seneca.

GIVEN          _____
REFUSED       _____
MODIFIED _____
COVERED _____
OTHER          _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Claims and Defenses]**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff asserts three claims against Defendant: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) fraud or intentional misrepresentation. Defendant denies these claims.  Plaintiff has the burden of proving these claims.

Defendant asserts two counterclaims against Plaintiff: (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing.  Plaintiff denies these claims.  Defendant has the burden of proof on these counterclaims.

GIVEN        _____
REFUSED      _____
MODIFIED _____
COVERED  _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Burden of Proof]**

Plaintiff's and Defendant's breach of contract and breach of implied covenant of good faith and fair dealing claims must be proven by the "greater weight of the evidence."

A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true.

Plaintiff's fraud claim must be proven by "clear and convincing evidence." Clear and convincing evidence means that the thing to be proved is highly probable or reasonably certain. Clear and convincing evidence requires a higher degree of persuasion than the greater weight of the evidence.

You probably have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than both the "greater weight of the evidence" standard and the "clear and convincing evidence standard." The "proof beyond a reasonable doubt" standard applies in criminal cases, but not in this civil case; so put it out of your mind.

Model Civil Jury Instructions for the District of Courts of the Eighth Circuit, 18.20

GIVEN        _____
REFUSED     _____
MODIFIED_____
COVERED _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Credibility of Witnesses]**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Model Civil Jury Instructions for the District of Courts of the Eighth Circuit, 3.03

GIVEN          _____
REFUSED      _____
MODIFIED _____
COVERED   _____
OTHER        _____

113885565.3 0069269-00001

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Statute of Frauds]**

No estate or interest in real property, other than for leases for a term not exceeding one (1) year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.

In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:  An agreement for the leasing, for a longer period than one (1) year, or for the sale, of real property, or of an interest therein, and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged.

Idaho Code §§ 9-503, 9-505(4)

GIVEN        _____
REFUSED      _____
MODIFIED _____
COVERED    _____
OTHER        _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Plaintiff's Breach of Contract Claim]**

For Selkey Buhl's breach of contract claim, Selkey Buhl has the burden of proving each of the following propositions:

1.  A contract existed between Plaintiff and Defendant;

2.  The Defendant breached the contract;

3. The Plaintiff has been damaged on account of the breach; and

4.  The amount of the damages.

If you find from your consideration of all the evidence that each of the propositions required of the Plaintiff has been proved, then you must consider the issue of the affirmative defenses raised by the Defendant, including waiver and caveat emptor.  If you find from your consideration of all the evidence that any of the propositions in this instruction has not been proved, your verdict should be for the Defendant.

Idaho Civil Jury Instructions, 6.10.1

GIVEN          _____
REFUSED      _____
MODIFIED_____
COVERED    _____
OTHER         _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim]**

For Selkey Buhl's breach of implied covenant of good faith and fair dealing claim, the implied covenant of good faith and fair dealing is a covenant implied by law in the parties' contract. You should not find a breach if the covenant that would be implied is contrary to the terms of the contract negotiated and executed by the parties. Selkey Buhl has the burden of proving that Seneca violated, nullified or significantly impaired any benefit of the parties' contracts.

*Idaho Power Co. v. Cogeneration, Inc.*, 134 Idaho 738, 750, 9 P.3d 1204, 1216 (2000)

GIVEN _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Plaintiff's Fraud or Intentional Misrepresentation Claim]**

For Selkey Buhl's fraud or intentional misrepresentation claim, Selkey Buhl has the burden

of proving each of the following propositions by clear and convincing evidence:

1. That the Defendant stated a fact to the Plaintiff;
2. The statement was false;
3. The statement was material;
4. The Defendant either knew the statement was false or was unaware of whether the statement was true at the time the statement was made.
5. The Plaintiff did not know that the statement was false;
6. The Defendant intended for the Plaintiff to rely upon the statement and act upon it in a manner reasonably contemplated;
7. The Plaintiff did rely upon the truth of the statement;
8. The Plaintiff's reliance was reasonable under all the circumstances;
9. The Plaintiff suffered damages proximately caused by reliance on the false statement.
10. The nature and extent of the damages to the Plaintiff, and the amount thereof.

If you find from your consideration of all the evidence that the elements of fraud have been

proved by clear and convincing evidence, then your verdict should be for the Plaintiff on this issue.

If you find from your consideration of all the evidence that any of the foregoing propositions has not

been proved by clear and convincing evidence, then your verdict should be for the Defendant.


Idaho Civil Jury Instructions, 4.60


GIVEN         _____
REFUSED       _____
MODIFIED      _____
COVERED       _____
OTHER         _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Affirmative Defense – Waiver]**

Seneca has raised the affirmative defense of waiver.  A waiver is a voluntary, intentional relinquishment of a known right or advantage, and the party asserting the waiver must show that he acted in reasonable reliance upon it and that he thereby has altered his position to his detriment. Waiver is foremost a question of intent.  A clear intention to waive must be shown before waiver shall be established.  Waiver will not be inferred except from a clear and unequivocal act manifesting an intent to waive, or from conduct amounting to estoppel.  Waiver is a mixed question of law and fact. First, a court must find whether the facts alleged to constitute waiver are true. Second, the court must decide whether, if true, these facts suffice as a matter of law to show waiver.

*Knipe Land Co. v. Robertson*, 151 Idaho 449, 457, 259 P.3d 595, 603 (2011)

GIVEN       _____
REFUSED   _____
MODIFIED _____
COVERED  _____
OTHER       _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Affirmative Defense – Caveat Emptor]**

Seneca has raised the affirmative defense of caveat emptor.  Idaho is a caveat emptor ("buyer beware") state, meaning a buyer must exercise its own judgment and conduct its own diligence when purchasing a property.  Under caveat emptor, whatever is notice enough to excite the attention of a man of ordinary prudence and prompt him to further inquiry, amounts to notice of all such facts as a reasonable investigation would disclose.

*Weitz v. Green*, 148 Idaho 851, 858-59, 230 P.3d 743 (2010).

GIVEN          _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER          _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Defendant's Breach of Contract Counterclaim]**

For Seneca's breach of contract counterclaim, Seneca has the burden of proving each of the following propositions:

1. A contract existed between Plaintiff and Defendant;

2. The Plaintiff breached the contract;

3. The Defendant has been damaged on account of the breach; and

4. The amount of the damages.

If you find from your consideration of all the evidence that each of the propositions required of the Defendant has been proved, then you must consider the issue of the affirmative defenses raised by the Plaintiff.  If you find from your consideration of all the evidence that any of the propositions in this instruction has not been proved, your verdict should be for the Plaintiff.

Idaho Civil Jury Instructions, 6.10.1

GIVEN        _____
REFUSED     _____
MODIFIED   _____
COVERED    _____
OTHER        _____

113885565.3 0069269-00001

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Defendant's Breach of Implied Covenant of Good Faith and Fair Dealing Counterclaim]**

For Seneca's breach of implied covenant of good faith and fair dealing claim, the implied covenant of good faith and fair dealing is a covenant implied by law in the parties' contract. You should not find a breach if the covenant that would be implied is contrary to the terms of the contract negotiated and executed by the parties.  Seneca has the burden of proving that Selkey Buhl violated, nullified or significantly impaired any benefit of the parties' contracts.

*Idaho Power Co. v. Cogeneration, Inc.*, 134 Idaho 738, 750, 9 P.3d 1204, 1216 (2000)

GIVEN _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER _____

**DEFENDANT'S REQUESTED**

**INSTRUCTION NO. __**

**[Damages]**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on its claims or the Defendant on its counterclaims, you must determine the party's damages.  The party seeking damages has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the party seeking damages for any injury you find was caused by the other party.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Manual of Model Civil Jury Instructions for the Ninth Circuit, 5.1

GIVEN          _____
REFUSED      _____
MODIFIED _____
COVERED    _____
OTHER         _____

113885565.3 0069269-00001